**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SOLOCRON EDUCATION, LLC,** | |
| *Plaintiff,* | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| **INTERACTYX LIMITED, INC., INTERACTYX AMERICAS, INC.** | |
| *Defendants*. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff Solocron Education, LLC ("Solocron" or "Plaintiff") makes the following allegations against Defendants Interactyx Limited, Inc. and Interactyx Americas, Inc. (collectively "Defendant" or "Interactyx").

## BACKGROUND

1.      U.S. Patent No. 6,263,439 ("the '439 patent") teaches specific audit and verification methods and processes where verification information is encoded with electronic course media to verify a user and/or promote the secure and controlled delivery of electronic course materials.

2.      At the time the inventions disclosed in the '439 patent were conceived, the delivery of course materials using electronic media was in its infancy.  A patent application filed by Sylvan Learning Systems, Inc. ("Sylvan Learning") in 1998 that references the '439 patent as relevant prior art, described the state of electronic administration of testing as "requiring significant manpower" and in need of "automation."[1]

---

[1] *See* EP 1018717, Method And System For Administrating Of Remotely Proctored Secure Examination (Filed March 10, 1998).

3.      Recognizing the need for advanced educational technology, on January 12, 1999, President William J. Clinton issued Executive Order 13111, which created the first Federal task force on Federal training technology.  Executive Order 13111 stated, "A coordinated Federal effort is needed to provide flexible training opportunities to employees and to explore how Federal training programs, initiatives, and policies can better support lifelong learning through the use of learning technology."[2]

4.      Due to rapid developments in the software industry, today we take for granted the availability and capability of technology that ensures that intended persons can access protected information, and that those intended persons engage with intended electronic content.  However, in the 1990s, systems and methods for verifying computer based course materials were not widespread.  Persons of skill in the art had not successfully developed technology to allow distance-learning providers to ensure that intended students were accessing and actively engaging with providers' educational content.

5.      In the mid-1990s, Messrs. John G. Hondros, Robert A. Wilson, and Ronald E. Hill developed novel methods and systems enabling the delivery of educational content to students remotely.  The inventions disclosed in the '439 patent enable verifying that intended students access and interact with the appropriate content.

6.      Companies including the Defendant adopted the inventions disclosed in the '439 patent.

7.      The '439 patent has been cited in patents and patent applications filed and/or owned by numerous companies and educational institutions, including: Sylvan Learning, Virginia Foundation for Independent Colleges, International Business Machines Corporation, Hewlett-Packard Development Company L.P., Lenovo International Ltd., Scantron Corporation, and Distance EDU Learning, Inc.

---

[2] Exec. Order No. 13,111, 64 Fed. Reg. 2793 (January 12, 1999), *available at* http://www.gpo.gov/fdsys/pkg/FR-1999-01-15/pdf/99-1185.pdf.

**U.S. PATENT NO. 6,263,439**

8.      Plaintiff is the owner by assignment of the '439 patent.  The '439 patent is entitled "Verification System for Non-Traditional Learning Operations."  The '439 patent issued on July 17, 2001, based on a patent application filed on February 9, 1999.  The '439 patent claims priority to Provisional Patent Application No. 60/024,627, filed on August 27, 1996.  A true and correct copy of the '439 patent is attached hereto as Exhibit A.  The '439 patent claims specific processes for delivering educational content to remote students while authenticating that the intended students access and interact with the assigned content.

9.      The claims in the '439 patent ("'439 claims") are directed at a unique computing solution that addresses a problem unique to computer networks – the delivery of information to individuals at a variety of distant locations while authenticating that the intended persons access and interact with the proper content.

10.      Although the methods and systems taught in the '439 claims are now widely adopted by leading providers of distance education technology, at the time of invention, the technologies taught in the '439 claims were innovative technological processes permitting "learning to progress at the pace of the participant while still providing audit and verification capabilities that the participant is the same as the registrant."  '439 patent at 2:13-16.

11.      One or more of the '439 claims relate to computer-implemented processes to transform and authenticate information provided by the educational content provider – by encoding at least one personal identifier onto a user interface media, encoding at least one password onto a data storage media, and encoding the at least one password from the data storage media onto the user interface media.  This encoding enables authentication of the participant (*i.e.*, ensuring the participant is the same person as the registrant).

12.      The '439 claims are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor "a building block of the modern economy."  Instead, they are limited to a narrow set of processes for "verifying" and "authenticating" information exchanged between a registrant and an educational

content provider.

13.     The '439 claims are not directed at the broad concept/idea of "authenticating" or "verifying" information.  Instead, the '439 claims are directed to particular, narrow processes for "verifying" and "authenticating" information exchanged between students and distance learning systems.  The inventive concept in the '439 claims is a technological one rather than an entrepreneurial one.

14.     The '439 claims are not directed at a mathematical relationship or formula as the '439 claims teach specific processes for authenticating and verifying information exchanged between a registrant and an educational content provider.

15.     The invention claimed in the '439 patent goes beyond manipulating, reorganizing, or collecting data by actually adding information associated with the encoding process for authenticating a registrant.  The below figure from the specification of the '439 patent illustrates one embodiment of the inventions disclosed in the '439 patent.



'439 patent, Fig. 1A.

16.     One or more of the '439 claims require "transforming" data associated with an authentication request by adding unique information.  Therefore, the claimed features in the '439 claims fundamentally alter data associated with an authentication request and go beyond the mere collection, organization, manipulation, or reorganization of data.

17.     One or more of the '439 claims go beyond manipulating, reorganizing, or collecting data by adding new information to a request, thereby fundamentally altering a verification request.

18.     The '439 claims cannot be performed by a human, in mind, or by pen and paper.  The claims as a whole are directed to verifying and authenticating an exchange of information between a registrant and an educational content provider.  These claim limitations cannot be performed by a human, in one's mind, or by paper and pencil.

19.     Prior art cited on the face of the '439 patent further show that the invention disclosed in the '439 patent is not a patent ineligible abstract idea.  The invention taught in the '439 patent is narrower than at least some of the cited prior art, and therefore, is not an abstract idea.

20.     The '439 claims require the use of a computer system.  The use of a computer system plays a significant part in permitting the claimed processes to be performed.  For example, the encoding of a personal identifier onto a user interface media, the encoding of  a password onto a data storage media, and the encoding of a password from the data storage media onto the user interface media is integral to the success of the authentication processes and can only be performed using a computer system.

21.     The '439 claims do not preempt the field or preclude the use of other effective distance learning authentication processes.  Elements in the '439 claims provide significant limitations on the breadth of the '439 claims.  These limitations are not necessary or obvious tools for achieving authentication of a registrant utilizing distance-learning technology, and they ensure that the claims do not preempt the field of registrant authentication.

**PARTIES**

22.     Plaintiff Solocron is a Texas corporation with its principal place of business at 625 Chase Drive, Suite 200, Tyler, Texas 75701.

23.     On information and belief, Defendant Interactyx Limited, Inc. is a Scottish corporation with its principal place of business at 3461 Bonita Bay Boulevard, Suite 207, Bonita Springs, FL 34134, and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Alfred Novas, 3461 Bonita Bay Boulevard, Suite 207, Bonita Springs, FL 34134.

24.     On information and belief, Defendant Interactyx Americas, Inc. is a Delaware corporation with its principal place of business at 3461 Bonita Bay Boulevard, Suite 207, Bonita Springs, FL 34134, and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, National Registered Agents, 160 Greentree Dr., Suite 101, Dover, DE 19904.

**JURISDICTION AND VENUE**

25.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

26.     This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Texas.  Defendant, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and/or offer services within the state of Texas, and particularly within the Eastern District of Texas.  Thus, Defendant purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Specifically, Defendant provides the infringing products and/or services to clients based in the forum state of Texas, including, but not limited to, Baylor Healthcare System.

27.     Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b)

because Defendant is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,263,439**

28.     Solocron references and incorporates by reference paragraphs 1 through 26 of this Complaint.

29.     Defendant makes, uses, sells, and/or offers for sale in the United States products and/or services for providing distance educational content to remote registrants and authenticating participants to ensure that the participants are those individuals who registered for the content and ensuring that those registrants actively engage with the educational content.

30.     Defendant owns and operates the Topyx Learning Management System ("Topyx").

31.     On information and belief, Defendant has directly infringed and continues to infringe the '439 patent by, among other things, making, using, offering for sale, and/or selling distance education products and/or services.  Such distance education products and/or services include, by way of example and without limitation, use of Topyx, which is covered by one or more claims of the '439 patent, including but not limited to claim 1.

32.     By making, using, offering for sale, and/or selling distance education products and/or services infringing the '439 patent, Defendant has injured Solocron and is liable to Solocron for direct infringement of the '439 patent pursuant to 35 U.S.C. § 271(a).

33.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '439 patent.

34.     As a result of Defendant's infringement of the '439 patent, Solocron has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A.      A judgment that Defendant has infringed one or more claims of the '439 patent;

B.      An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C.      A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to Solocron, including, without limitation, prejudgment and post-judgment interest; and

D.      Any and all other relief to which Solocron may show itself to be entitled.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Solocron requests a trial by jury of any issues so triable by right.

Dated:  January 4, 2016                    Respectfully submitted,


                                           /s/  Elizabeth L. DeRieux_____
                                           Elizabeth L. DeRieux (TX Bar No. 05770585)
                                           D. Jeffrey Rambin (TX Bar No. 00791478)
                                           CAPSHAW DERIEUX, LLP
                                           114 E. Commerce Ave.
                                           Gladewater, Texas 75647
                                           Telephone: 903-845-5770
                                           E-mail: ederieux@capshawlaw.com
                                           E-mail: jrambin@capshawlaw.com


                              OF COUNSEL:

                                 Matt Olavi (CA SB No. 265945)
                                 Brian J. Dunne (CA SB No. 275689)
                                 OLAVI DUNNE LLP
                                 816 Congress Ave., Ste. 1620
                                 Austin, Texas 78701
                                 Telephone: 512-717-4485
                                 Facsimile: 512-717-4495
                                 E-mail: molavi@olavidunne.com
                                 E-mail: bdunne@olavidunne.com


                                 Dorian S. Berger (CA SB No. 264424)
                                 Daniel P. Hipskind (CA SB No. 266763)
                                 OLAVI DUNNE LLP
                                 445 S. Figueroa St., Suite 3170
                                 Los Angeles, CA 90071
                                 Telephone: 213-516-7900
                                 Facsimile: 213-516-7910
                                 E-mail: dberger@olavidunne.com
                                 E-mail: dhipskind@olavidunne.com


                                 *Attorneys for Solocron Education, LLC*